

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2005

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lin v. Atty Gen USA" (2005). *2005 Decisions*. Paper 1039.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1039

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1519
_____

ZHENG YUN LIN,
                                    Petitioner

v.

*ALBERTO GONZALES,
ATTORNEY GENERAL OF UNITED STATES AMERICA,
                                    Respondent

*(Amended pursuant to Rule 43(c), Fed. R. App. Pro.)

_____

ON PETITION FOR REVIEW OF ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(No. A78-257-887)
_____
Submitted pursuant to LAR 34.1(a)
May 26, 2005

Before: SCIRICA, Chief Judge, and ALITO and GARTH, Circuit Judges

(Filed:  June 9, 2005)

_____

OPINION OF THE COURT
_____


PER CURIAM:

Zheng Yun Lin ("Petitioner") a native and citizen of the People's Republic of China ("the PRC"), seeks review of a decision by the Board of Immigration Appeals ("the BIA"). The BIA affirmed the decision of the Immigration Judge (the "IJ") denying Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitoner claims that his family was persecuted by the PRC for violating that government's "one child" policy. As we write for the parties only, we do not set out the facts separately. We conclude that the BIA's decision was supported by substantial evidence, and we deny the petition for review.

## I.

Where, as here, the BIA affirms an immigration judge's decision without issuing its own separate opinion, this Court reviews the decision of the immigration judge. Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). The administrative findings of fact supporting a final order of removal cannot be reversed unless the administrative record was such that "a reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(A)-(B). This Court will affirm the IJ's decision that Petitioner was not eligible for withholding of removal or protection under the Torture Convention if there is substantial evidence to support the decision. Yan Lan Wu v. Ashcroft, 393 F.3d 418, 421 (3d Cir. 2005).

Petitioner's claim of past persecution turns upon whether his wife had been forcibly sterilized. The primary evidence of record regarding this claim is a certificate, issued by Changle City Hospital, stating that a Wei Hua Chen "underwent sterilization operation" at that hospital on September 12, 1997.

In an attempt to determine the authenticity of the sterilization certificate, two separate investigations were conducted through the United States consulate in Guang Zhou, China. Both investigations concluded that the certificate was "fabricated." Petitioner argues that the IJ erred by considering the results of the investigations because the conclusions were primarily based upon the Changle City Hospital's denial of authenticity. This was error, Petitioner contends, for two reasons. First, Changle City Hospital is "funded and controlled by the [PRC]," and was therefore unlikely to provide evidence of forced sterilization, which is disfavored by the international community. Second, any hospital worker who verified the authenticity of the sterilization certificate would have been fired. Pet. Br. 7-9. But Petitioner's argument is supported only by his own speculation. Although it is certainly plausible that the PRC would seek to minimize the negative publicity that comes with the practice of forced sterilization, it is not clear that Chinese hospitals typically deny the existence of forced sterilizations, or that hospital workers are fired for failing to deny the existence of such procedures. Given the lenient standard of review, Petitioner's bare assertions are not sufficient evidence to compel a

3

conclusion different from the IJ's determination. And given the IJ's factual findings, there is substantial evidence to support his conclusions.

## III.

For the reasons given above, we deny Zheng Yun Lin's petition.

4